UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~

DENNIS P. SEDOR,

       Plaintiff,

  vs            5:07-CV-1236

COUNTY OF CAYUGA,

       Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:          OF COUNSEL:

CARL J. DePALMA, ESQ.
Attorney for Plaintiffs
172 State Street
Auburn, NY 13021

GOLDBERG SEGALLA LLP     DEANNA R. NELSON, ESQ.
Attorneys for Defendant      KENNETH M. ALWEIS, ESQ.
5789 Widewaters Parkway
Syracuse, NY 13214

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

  Plaintiff filed the instant action in the State of New York Cayuga County Supreme Court. The complaint alleges causes of action under 42 U.S.C. § 1983 and New York State common law. Defendant removed this action pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction over the section 1983 cause of action pursuant to 28 U.S.C. § 1331. Defendant moved to dismiss. Plaintiff opposed and cross-moved to amend the complaint effectively to dismiss the only federal cause of action and to remand the case to state court. Defendant opposed the cross-motion. The motions were taken on submission without oral argument.

Leave to amend a complaint should be freely given. Fed. R. Civ. P. 15(a). A district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Ordinarily when the federal claims are dismissed before trial, supplemental state law claims should also be dismissed. Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994). "If, however, the dismissal of the federal claim occurs 'late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplement jurisdiction may not be fair'" or necessary. Id. (citing 28 U.S.C. § 1367, Practice Commentary (1993) at 835).

Here plaintiff wishes to amend to delete a section 1983 cause of action from his complaint. Defendant argues that plaintiff fails to state a section 1983 cause of action. Plaintiff responds, conceding that any federal causes of action are tangential to the essence of his complaint--state law causes of action. Therefore, the plaintiff will be permitted to amend his complaint to withdraw the federal cause of action.

Once any federal causes of action are withdrawn, only state law causes of action remain. This case is at the earliest stage of proceedings. To date, the only proceedings have been the briefing for the instant motions. No pretrial conference has been held pursuant to Fed. R. Civ. P. 16, no scheduling order has been issued, and no discovery or any other pretrial proceedings have taken place. It is particularly appropriate to decline to exercise supplemental jurisdiction in these circumstances. See Purgess, 33 F.3d at 138.

Accordingly, it is

ORDERED that

1. Plaintiff's motion to amend the complaint is GRANTED;

    2.  Plaintiff's 42 U.S.C. § 1983 claim is DISMISSED; and

    3.  Supplemental jurisdiction over the remaining state law claims is declined; therefore, this action is REMANDED to the State of New York Cayuga County Supreme Court.

    The Clerk of the Court is directed to enter judgment accordingly.

    IT IS SO ORDERED.

                                                        _____
                                                        United States District Judge

Dated:  December 22, 2008
        Utica, New York.